UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SARAH GOLD,

       Plaintiff,

   - against -

THE CITY OF NEW YORK and WAEL JABER,

       Defendants.
-------------------------------------------------------------X

No. 25-CV-4830

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, by her attorneys, The Fu Firm PLLC, respectfully alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.  On May 31, 2024, Plaintiff was present at a protest in support of Palestinian human rights in Brooklyn when she was suddenly thrown down to the ground by an NYPD police officer. She was then arrested without probable cause. The officer filed an accusatory instrument charging Plaintiff with various crimes and containing false statements about Plaintiff's behavior. The charges were subsequently dismissed.

2.  This is a civil rights action in which Plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. § 1983, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the laws of the State and City of New York.

## JURISDICTION AND VENUE

3.  This action arises under 42 U.S.C. §§ 1983 and 1988.

4.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 as this action seeks redress for the violation of Plaintiffs' constitutional and civil rights.

5.      Supplemental jurisdiction exists over all state law claims that are related to the federal claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) because Plaintiff's claims arose within the confines of this judicial district.

7.      Within ninety (90) days after the claims herein accrued, Plaintiff served on the City of New York a timely Notice of Claim under New York General Municipal Law § 50-e regarding the incident.

8.      At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment thereof has been neglected or refused.

9.      This action commences within one year and ninety days after the events alleged herein.

**THE PARTIES**

10.     Plaintiff Sarah Gold is an individual residing in New York.

11.     Defendant the City of New York (the "City") is a municipal corporation duly organized and existing under the laws of the State of New York.  At all relevant times, Defendant City, acting through the NYPD, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline, retention, and conduct of all NYPD personnel. In addition, at all relevant times, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and the State of New York.

12.     Defendant Wael Jaber was, at all relevant times, a Police Officer employed by the NYPD, acting within the course of his employment and under color of state law.

2

## FACTUAL ALLEGATIONS

13.     At or around 6:00 pm on May 31, 2024, Plaintiff was at a protest in support of Palestinian human rights near the Brooklyn Museum.

14.     At that time, Officer Wael Jaber, a member of the NYPD's Strategic Response Group, bumped into Plaintiff.

15.     Jaber, who is much larger than Plaintiff, then shoved Plaintiff to the ground.

16.     Plaintiff fell backwards onto the pavement, causing her to hit her head and suffer head and neck injuries.

17.     Jaber then grabbed Plaintiff's arm, yanked her up, and arrested her.

18.     At the time Jaber pushed Plaintiff, she was not a threat to him or any other person.

19.     At the time Plaintiff was arrested, she had not committed any crime.

20.     Plaintiff did not resist arrest.

21.     Plaintiff was then taken to 1 Police Plaza, where she was held for several hours.

22.     Plaintiff was charged with disorderly conduct, obstructing governmental administration, and resisting arrest.

23.     Jaber filed a false accusatory instrument.

24.     Jaber stated in the accusatory instrument that Plaintiff prevented him from escorting an "apprehended other" to an NYPD prisoner transport van.

25.     This was not true.

26.     Jaber also falsely stated that Plaintiff said to him, among other things, "you're going to use violent force so just do it" and "fuck you pigs."

27.     Plaintiff said no such thing.

28.     The Kings County District Attorney's Office began a prosecution of Plaintiff.

29.     Plaintiff was required to appear in court twice.

30.     Subsequently, the charges were dismissed.

## FIRST CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### False Arrest Under the Fourth and Fourteenth Amendments

### (Against Defendant Jaber)

31.     Plaintiff repeats and realleges each and every allegation set forth above.

32.     Defendant Jaber deprived Plaintiff of her rights under the Fourth and Fourteenth Amendments to be free from unreasonable searches and seizures, and to her liberty, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

33.     Probable cause did not exist to arrest Plaintiff for any crime.

34.     Plaintiff was conscious of her confinement and did not consent to it.

35.     This unlawful conduct was willful, malicious, and/or oppressive, or involved reckless  or callous indifference to Plaintiff's federally protected rights, and was of such a nature that punitive damages should be imposed against Defendant.

## SECOND CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### Excessive Force Under the Fourth and Fourteenth Amendments

### (Against Defendant Jaber)

36.     Plaintiff repeats and realleges each and every allegation set forth above.

37.     Defendant Jaber's use of force against Plaintiff was not justified and not objectively reasonable in light of the facts and circumstances.

38.    Defendant deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

39.    This unlawful conduct was willful, malicious, and/or oppressive, or involved reckless or callous indifference to Plaintiff's federally protected rights, and was of such a nature that punitive damages should be imposed against Defendant.

### THIRD CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### First Amendment Retaliation

### (Against Defendant Jaber)

40.    Plaintiff repeats and realleges each and every allegation set forth above.

41.    Defendant Jaber arrested Plaintiff because of her speech or perceived speech in support of Palestinian human rights.

42.    Defendant Jaber arrested Plaintiff when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been.

43.    This unlawful conduct was willful, malicious, and/or oppressive, or involved reckless or callous indifference to Plaintiff's federally protected rights, and was of such a nature that punitive damages should be imposed against Defendant.

### FOURTH CLAIM FOR RELIEF

### 42 U.S.C. § 1983

### Deprivation of the Right to a Fair Trial Under the Fifth and Fourteenth Amendments

### (Against Defendant Jaber)

44.    Plaintiff repeats and realleges each and every allegation set forth above.

45.    Defendant Jaber fabricated evidence of a material nature, likely to influence a jury's decision and intentionally forwarded that evidence to prosecutors.

46.    Jaber's fabrication of evidence caused Plaintiff to be prosecuted and/or to be charged with more serious crimes.

47.    This unlawful conduct was willful, malicious, and/or oppressive, or involved reckless  or callous indifference to Plaintiff's federally protected rights, and was of such a nature that punitive damages should be imposed against Defendant.

### FIFTH CLAIM FOR RELIEF

**False Imprisonment**

**(Against Defendant City of New York and Jaber)**

48.    Plaintiff repeats and realleges each and every allegation set forth above.

49.    Defendants are liable to Plaintiff for false imprisonment in violation of the common law of the State of New York.

50.    The City is liable to Plaintiff for the conduct of Defendant Jaber because he was acting within the scope of his employment during the incident.

### SIXTH CLAIM FOR RELIEF

**Assault**

**(Against Defendant City of New York and Jaber)**

51.    Plaintiff repeats and realleges each and every allegation set forth above.

52.    Defendant Jaber intentionally placed Plaintiff in fear of imminent harm and/or offensive contact.

53.    This conduct was not reasonable or otherwise justified.

54.    As a result, Plaintiff suffered trauma and emotional distress.

6

55.     The City is liable to Plaintiff for the conduct of Defendant Jaber because he was acting within the scope of his employment during the incident.

## SEVENTH CLAIM FOR RELIEF

### Battery

### (Against Defendant City of New York and Jaber)

56.     Plaintiff repeats and realleges each and every allegation set forth above.

57.     Defendant Jaber intentionally and wrongfully made physical contact with Plaintiff without her consent.

58.     This conduct was not reasonable or otherwise justified.

59.     As a result, Plaintiff suffered injuries as set forth above.

60.     The City is liable to Plaintiff for the conduct of Defendant Jaber because he was acting within the scope of his employment during the incident.

## EIGHTH CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq.*

### False Arrest

### (Against Defendant City of New York and Jaber)

61.     Plaintiff repeats and realleges each and every allegation set forth above.

62.     Defendants Jaber is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

63.     Defendant violated Plaintiff's rights, under N.Y.C. Admin. Code § 8-802, to be free from unreasonable searches and seizures, by detaining, arresting, confining, causing the confinement, and/or continuing the confinement of Plaintiff without any privilege to do so.

64.     Probable cause did not exist to arrest Plaintiff for any crime.

65. Plaintiff was conscious of her confinement and did not consent to it.

66. As the employer of Defendants Jaber, the City is liable for his wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

## NINTH CLAIM FOR RELIEF

### N.Y.C. Admin. Code § 8-801 *et seq.*

### Excessive Force

### (Against Defendants City of New York and Jaber)

67. Plaintiff repeats and realleges each and every allegation set forth above.

68. Defendant Jaber is a "covered individual" as defined in N.Y.C. Admin. Code § 8-801.

69. Defendant Jaber violated Plaintiff's rights, under N.Y.C. Admin. Code § 8-802, to be free from excessive force and unreasonable searches and seizures when he used force that was not objectively reasonable in light of the facts and circumstances.

70. As the employer of Defendant Jaber, the City is liable for his wrongful acts pursuant to N.Y.C. Admin. Code §§ 8-802 and 8-803.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

a. For compensatory damages in an amount to be determined at trial;

b. For punitive damages to the extent allowable by law;

c. For costs, disbursements, and reasonable attorneys' fees under 42 U.S.C. § 1988, N.Y.C. Admin. Code 8-805, and the inherent powers of this Court;

d. For pre- and post-judgment interest as allowed by law; and

e. For such other and further relief as this Court deems just and proper.

Dated: August 29, 2025
    New York, NY

        THE FU FIRM PLLC

        By: */s/ Yan Fu*
            Yan Fu
            43 W. 43rd Street, Suite 205
            New York, NY 10036
            (212) 584-0581
            yfu@thefufirm.com
            *Counsel for Plaintiff*